15-1844-cr
United States v. Umeh

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand sixteen.

PRESENT:　PIERRE N. LEVAL,
　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　*Circuit Judges*,
　　　　　JOHN G. KOELTL,[*]
　　　　　　　　*District Judge*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　　*Appellee*,

　　　　　v.　　　　　　　　　　　　　　　　No. 15-1844-cr

CHIGBO PETER UMEH, AKA EMEKA OKONKWO, AKA CHIGBOGU UMEHWUNNE, AKA MIKE, AKA CHIBUE, AKA EL NEGRO, JORGE IVAN SALAZAR CASTANO, AKA EL CHAVEL, KUDUFIA MAWUKO, AKA DET MARCO, MARCEL ACEVEDO SARMIENTO, AKA JJ, AKA JUAN RESTREPO, AKA JOTA, NATHANIEL FRENCH, AKA THE FRENCHMAN, AKA THE EXPERT,

　　　　　*Defendants,*

KONSTANTIN YAROSHENKO,

　　　　　*Defendant-Appellant*.

-----------------------------------------------------------------------

[*] The Honorable Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT: ALEXEY V. TARASOV, Houston, TX.

FOR APPELLEE: GINA CASTELLANO (Sarah Eddy McCallum, *on the brief*), *for* Preet Bharara United States Attorney for the Southern District of New York.

Appeal from a May 21, 2015 opinion and order of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Konstantin Yaroshenko appeals from a May 21, 2015 opinion and order of the United States District Court for the Southern District of New York (Rakoff, *J.*), denying Yaroshenko's Rule 33 motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Yaroshenko was convicted of conspiracy to distribute more than five kilograms of cocaine with knowledge that it would be imported into the United States in violation of 21 U.S.C. §§ 959(a), 963. On direct appeal, this Court affirmed Yaroshenko's conviction and held there was no error warranting dismissal of the indictment. *United States v. Umeh,* 527 F. App'x 57 (2d Cir. 2013) (summary order). Yaroshenko then moved in the district court, pursuant to Federal Rule of Criminal Procedure 33, for dismissal of the indictment or for a new trial on the basis of newly discovered evidence.

2

"We review for abuse of discretion a district court's denial of a Rule 33 motion for a new trial."[2] *United States v. Forbes,* 790 F.3d 403, 406 (2d Cir. 2015). Relief under Rule 33 based on newly discovered evidence may be granted only if the defendant satisfies five elements: "(1) that the evidence is newly discovered after trial; (2) that facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) that the evidence is material; (4) that the evidence is not merely cumulative or impeaching; and (5) that the evidence would likely result in an acquittal." *United States v. James,* 712 F.3d 79, 107 (2d Cir. 2013) (internal quotations and citations omitted). Yaroshenko proffered three categories of evidence purported to be newly discovered: (i) the "Liberian evidence" allegedly showing that Yaroshenko was beaten by DEA agents when he was abducted from his hotel in Liberia in violation of United States and Liberian law, (ii) the "Ukrainian evidence" purportedly showing that Ukraine did not authorize a DEA investigation, and (iii) affidavits from Yaroshenko's co-defendant stating that he did not conspire with Yaroshenko and that the Government failed to disclose that a confidential informant made a video recording.

### 1. The Liberian Evidence

Yaroshenko contends that the Liberian evidence demands dismissal of the charged conspiracy because (1) *United States v. Toscanino,* 500 F.2d 267, 275 (2d Cir. 1974), a decision that assumed the "erosion" of the *Ker-Frisbie* doctrine, remains good law, (2)

---

[2] Yaroshenko moves for dismissal of the indictment and a new trial under Rule 33. The district court did not reach the issue of whether Rule 33 is the proper vehicle for a post-conviction motion to dismiss the indictment. Because Yaroshenko has not demonstrated that he is entitled to relief, we need not reach the issue and assume without deciding that Yaroshenko's arguments have been properly raised.

his extraterritorial arrest violated the Mansfield Amendment, *see* 22 U.S.C. § 2291(c)(1), and (3) it proves the Government committed perjury in its pre-trial affirmations.

### a. Ker-Frisbie Doctrine

Neither police brutality nor abduction by government officers may support a jurisdictional challenge. *United States v. Alvarez-Machain,* 504 U.S. 655, 662 (1992) (holding, under *Ker v. Illinois*, 119 U.S. 436 (1886), the "court need not inquire as to how respondent came before it"). Yaroshenko argues that *Toscanino* created an exception to the *Ker-Frisbie* doctrine. *Toscanino* considered improper the exercise of a court's jurisdiction over a defendant when "[the defendant] is kidnapped and forcibly brought within the jurisdiction [because] the court's acquisition of power over his person represents the fruits of the government's exploitation of its own misconduct." 500 F.2d at 275. However, we need not decide the remaining force, if any, of *Toscanino*. This Court previously held that Yaroshenko's argument "that outrageous government misconduct divests this court of jurisdiction" is unavailing. *Umeh,* 527 F. App'x at 64. We rested our earlier holding on allegations made by Yaroshenko that he had been abducted from his Liberian hotel, had a cap placed over his face, and been beaten. The evidence that Yaroshenko now introduces as purportedly newly discovered merely supports the same allegations of kidnapping and beating that our earlier holding rejected as a basis for dismissing the indictment. The "newly discovered" Liberian evidence is therefore not material and is, at best, merely cumulative. *See James,* 712 F.3d at 107. Because Yaroshenko has failed to meet his burden under Rule 33, we are governed by our earlier

order that Yaroshenko's challenge to the indictment on the basis of outrageous government misconduct is meritless. *See United States v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir. 2002) (stating "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise" (quotation marks and citations omitted)).

### b. *Mansfield Amendment*

This Court also previously addressed Yaroshenko's Mansfield Amendment argument. We held that the Mansfield Amendment, which states that "[n]o officer or employee of the United States may directly effect an arrest in any foreign country as part of any foreign police action with respect to narcotics control efforts, notwithstanding any other provision of law," 22 U.S.C. § 2291(c)(1), did not apply because Yaroshenko was arrested by officers of Liberia, not the United States. As Yaroshenko's purportedly newly discovered evidence does not allege that U.S. officers themselves directly effected his arrest, his allegations are covered by our prior order.

### c. *Alleged Perjury*

Yaroshenko argues the Liberian evidence contradicts pre-trial affirmations made by the Government regarding his arrest and detention. Because these affirmations were not part of the trial evidence, Yaroshenko has not shown that there is "any reasonable likelihood that the [alleged] false testimony could have affected the judgment of the jury." *United States v. Stewart,* 433 F.3d 273, 297 (2d Cir. 2006). Moreover, the Liberian evidence would not have changed the result of any pre-trial proceedings. Thus, even

assuming that the newly discovered evidence is accurate, we reject Yaroshenko's challenge to his conviction on the basis of perjury.

### 2. The Ukrainian Evidence

Yaroshenko argues that video recordings and audio surveillance of his meetings in Ukraine were acquired without the consent of the Ukrainian government allegedly in violation of the U.S.-Ukrainian Mutual Legal Assistance Treaty ("MLAT"). Even assuming that the United States did not obtain the consent of Ukraine, Yaroshenko "cannot demonstrate that the treaty creates any judicially enforceable individual right that could be implicated by the government's conduct here." *United States v. Rommy,* 506 F.3d 108, 129 (2d Cir. 2007). Moreover, it is well settled that the admissibility of evidence in a United States court rests on United States, not foreign, law. *Cf. United States v. Morrison,* 153 F.3d 34, 57 (2d Cir. 1998) (stating that a suppression motion must be resolved by the application of federal constitutional law).

Equally unavailing is Yaroshenko's claim that the Government's actions in Ukraine "shock the conscience." "The concept of fairness embodied in the Fifth Amendment due process guarantee is violated by government action that is fundamentally unfair or shocking to our traditional sense of justice, or conduct that is so outrageous that common notions of fairness and decency would be offended were judicial processes invoked to obtain a conviction against the accused." *United States v. Schmidt*, 105 F.3d 82, 91 (2d Cir. 1997) (internal quotation marks and citations omitted). Mere illegality, especially illegality under foreign law, does not necessarily shock the

6

conscience. *United States v. Getto,* 729 F.3d 221, 228 (2d Cir. 2013). Rather, government conduct that shocks the conscience generally involves "[e]xtreme physical coercion" that causes brutal injuries "offensive to human dignity." *United States v. Chin*, 934 F.2d 393, 398-99 (2d Cir. 1991) (internal quotation marks and citation omitted). Yaroshenko has not alleged that the Government's actions in Ukraine affected him in any way, either physically or psychologically. The alleged injury is Ukraine's, not Yaroshenko's.

### 3. Affidavits of Co-Defendant

Yaroshenko argues that newly discovered post-trial affidavits of co-defendant Chigbo Umeh entitle Yaroshenko to a new trial and that, if Umeh testified in a new trial, the jury would reach a different verdict. Evidence is excluded from the meaning of 'newly discovered' where "(1) the defendant was aware of the evidence before or during trial, and (2) there was a legal basis for the unavailability of the evidence at trial, such as the assertion of a valid privilege." *Forbes*, 790 F.3d at 408. Where "a defendant knew or should have known[] that his codefendant could offer material testimony [the content of which the defendant was, or should have been aware,] as to the defendant's role in the charged crime, the defendant cannot claim that he 'discovered' that evidence only after trial." *United States v. Owen*, 500 F.3d 83, 91 (2d Cir. 2007). The statements of the co-defendant's counsel at trial alerted or should have alerted Yaroshenko to what the co-defendant now avers in his affidavits. Thus, Yaroshenko was either aware or should have been aware of the substance of the co-defendant's statements during trial and therefore these statements are not newly discovered.

7

Yaroshenko contends that the Government suppressed exculpatory evidence in the form of recordings made in connection with Yaroshenko's case. The co-defendant's affidavits contain allegations that an informant named Santiago recorded conversations in Liberia potentially exculpating Yaroshenko, and that the Government failed to produce these recordings prior to trial. On November 13, 2014, the district court issued an order directing the Government to file a sworn declaration stating whether any such recordings existed. The Government responded on December 10, 2014, stating they were unable to contact Santiago (who was no longer a registered confidential source) but that "all of the available information indicates that no recordings of the type alleged by [the co-defendant] ever existed." Assuming Yaroshenko's evidence to be new, it does not show that the Government's sworn statement is false. At most, the evidence shows that Santiago was given a recording device in 2008, one year before Yaroshenko's arrest. Yaroshenko has failed to show that Santiago revealed anything relevant to Yaroshenko's guilt or innocence or that the Government suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

We have considered Yaroshenko's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8